# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| JERRY GALLMAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BEAULIEU OF AMERICA, INC.,<br><br>　　　　Defendant. | Civil Action File No.<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Jerry Gallman ("Mr. Gallman" or "Plaintiff") files this Complaint against his former employer, Defendant Beaulieu of America, Inc. ("Beaulieu" or "Defendant"), as follows:

### Statement of Claims, Parties, Jurisdiction, and Venue

1.

This is an action for unlawful termination of Mr. Gallman's employment in violation of the Age Discrimination in Employment Act ("ADEA").

2.

Beaulieu is a Georgia company with its principal office in Dalton, Whitfield County, Georgia. Beaulieu may be served with process through its registered agent, Peter N. Farley at 1502 Coronet Drive, Dalton, Georgia 30720.

3.

Mr. Gallman is a seventy-one (71) year-old male, who at all times relevant to this Complaint was over the age of 40 (born April 24, 1943). He was an employee of Beaulieu for more than fifty (50) years, from 1962 until his termination on December 6, 2012.

4.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter involves a federal question based upon the ADEA.

5.

Venue is proper in this Court because the acts, events, and occurrences giving rise to Mr. Gallman's claim took place in Dalton (Whitfield County), Georgia which is within this judicial district and division.

## Administrative Remedies

6.

On March 4, 2013, Mr. Gallman filed a Charge of Discrimination alleging age discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

7.

On May 6, 2014, Mr. Gallman received his Right to Sue from the EEOC. This action is timely filed within ninety (90) days of his receipt of the Right to Sue.

**Factual Background**

*Mr. Gallman's 50-Plus Years of Service to Beaulieu*

8.

Beaulieu is one of the largest carpet-only manufacturing companies in the world.

9.

Mr. Gallman began working for Beaulieu in 1962. He worked his way up in the Company to become Tufting Supervisor.

10.

Mr. Gallman worked as Tufting Supervisor for more than forty (40) years.

11.

Throughout Mr. Gallman's fifty (50) years of employment at Beaulieu, he was a satisfactory employee and was not made aware of any performance problems.

### *Beaulieu's Sudden Termination of Mr. Gallman*

12.

On December 5, 2012, with no prior warning, Mr. Gallman's supervisor, Ted Miles, suspended Mr. Gallman.

13.

On December 6, 2012, Beaulieu terminated Mr. Gallman without notice, warning, or any prior complaints.

14.

Upon Mr. Gallman's termination, Beaulieu immediately cancelled Mr. Gallman's health insurance without providing notice and failed to communicate with him regarding the continuation of his benefits, as required by law.

15.

This had the effect of leaving Mr. Gallman and his family without health insurance when his wife was scheduled for breast cancer surgery on January 11, 2013.

16.

Mr. Gallman incurred significant out of pockets costs for medical procedures for both himself and his wife that would have been covered by his insurance but for his wrongful termination.

## Count I : Age Discrimination

17.

Mr. Gallman realleges and incorporates paragraphs 1 through 16.

18.

Mr. Gallman was over the age of forty (40) at all times relevant to this Complaint. He was sixty-nine (69) when he was terminated.

19.

At the time of his termination, Mr. Gallman was one of the oldest employees at Beaulieu.

20.

Beaulieu terminated Mr. Gallman because of his advanced age, in violation of the ADEA which prohibits discrimination in employment on the basis of age against persons over the age of forty (40).

21.

Mr. Gallman was replaced by a younger male, Wade Johnson.

22.

Beaulieu's unlawful action caused Plaintiff to suffer lost income and benefits, lost opportunities for advancement, lost retirement benefits, mental and

emotional distress, pain and suffering, costs and attorneys' fees, and other damages for which Beaulieu is liable.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award Plaintiff compensatory damages in an amount reasonable and commensurate with the losses imposed upon him by Beaulieu's unlawful and discriminatory acts, including his pain and emotional distress;

2. Award Plaintiff punitive damages in an amount reasonable and commensurate with the harm done and calculated to be sufficient to deter such conduct in the future;

3. Enter an award of backpay from December 6, 2012, through the date of judgment;

4. Grant Plaintiff liquidated damages where applicable;

5. Award Plaintiff pre- and post-judgment interest at the maximum rates allowable by law;

6. Grant Plaintiff special damages for all out-of-pocket costs and expenses that he would not have incurred but for Defendant's unlawful conduct, including costs incurred in bringing this action and his reasonable attorneys' fees;

7. A trial by jury on all issues so triable; and

8. Grant such additional relief as this Court deems necessary, appropriate, proper, or just.

/s/ A. Lee Parks, Jr.
A. Lee Parks, Jr.
Georgia Bar No. 563750
lparks@pcwlawfirm.com
Jennifer K. Coalson
Georgia Bar No. 266989
jcoalson@pcwlawfirm.com

PARKS, CHESIN & WALBERT, P.C.
75 Fourteenth Street, Suite 2600
Atlanta, GA 30309
(404) 873-8000 Telephone
(404) 873-8050 Facsimile

*Attorneys for Plaintiff*